[Cite as *State v. Williams*, **2011-Ohio-5807.**]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24341 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 10-CR-1565 |
| v. | : | |
| | : | |
| JESSE WILLIAMS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 10th day of November, 2011.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by TIMOTHY J. COLE, Atty. Reg. #000084117, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

BRYAN K. PENICK, Atty. Reg. #0071489, Bryan K. Penick Co., L.P.A., 371 West First Street, Second Floor, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

KLINE, J. (sitting by assignment)

{¶ 1} Jesse Williams (hereinafter "Williams") appeals the judgment of the Montgomery County Court of Common Pleas, which found him guilty of aggravated possession of drugs. On appeal, Williams contends that the trial court should have granted

his motion to suppress.  We agree.  Under the totality of the circumstances, we find that the stop of Williams's motor vehicle was not supported by a reasonable and articulable suspicion of criminal activity.  As a result, we reverse the trial court's judgment and remand this cause to the trial court for further proceedings consistent with this opinion.

## I.

{¶ 2} At 8:30 p.m. on May 12, 2010, Dayton Police Officer Matthew Kennard (hereinafter "Officer Kennard") observed Williams's vehicle traveling northbound.  There was no license plate on the front of Williams's vehicle, but there was a dealer plate on the back.

{¶ 3} Officer Kennard suspected that the dealer plate "was being used in the wrong fashion."  Transcript at 7.  He based this suspicion on the following factors: (1) Williams was alone in the vehicle; (2) Williams was driving at 8:30 p.m., when most dealerships are closed; and (3) there were no dealerships in the immediate area.  For these reasons, Officer Kennard suspected a violation of R.C. 4503.30(A) and pulled Williams's vehicle over.

{¶ 4} When he reached Williams's vehicle, Officer Kennard noticed the strong odor of marijuana.  It is not entirely clear what happened after that, but, as a result of the traffic stop, Williams was arrested and charged with Aggravated Possession of Drugs in violation of R.C. 2925.11(A).

{¶ 5} Later, Williams filed a motion to suppress the evidence obtained during the traffic stop.  In his motion, Williams claimed that "there was no probable cause or reasonable suspicion to believe that [Williams] was engaged in or about to engage in criminal activity. *

\* \* The subsequent seizure of [Williams] was unlawful, as [Officer Kennard] also had no reasonable grounds to believe that [Williams] was involved in criminal activity." Motion to Suppress at 3 (internal citation omitted). The state countered that Officer Kennard had "reason to believe that [Williams's] vehicle [was] violating the improper display of dealer tags." Transcript at 19.

{¶ 6} Officer Kennard was the only witness at the suppression hearing. At the hearing's close, the trial court denied Williams's motion to suppress and found the following: "Officer Kennard found [Williams's vehicle] to be suspicious in that there was one occupant of the vehicle, that the time of night, at approximately 8:30 p.m., from his experience, he did not believe that the vehicle was being used for purposes of test driving or for moving the vehicle from lot to lot, and had a concern about the activity involving the vehicle.

{¶ 7} "\* \* \*

{¶ 8} "The Court finds based upon all of the circumstances that Officer Kennard did have reasonable suspicion that the vehicle had committed -- that the occupant of the vehicle had committed an offense; that is, a violation of [R.C.] 4503.30 relating to the use of vehicles with dealer tags. That statute specifically provides that when -- essentially when dealer tags are utilized, the vehicle -- I'm sorry, those tags may be utilized only when the vehicle is in transit from a dealer to a purchaser, when the vehicle is being demonstrated for sale or lease, or when the vehicle otherwise is being utilized by the dealer.

{¶ 9} "Pursuant to the testimony of Officer Kennard, he did not believe that that was the case given that there were no lots reasonably close by, even though there were some on Dixie. There was only one occupant of the vehicle and he believed that typically more than

one occupant is in the vehicle when it's being test driven; and there's no evidence of any other purpose that the vehicle was driven by the dealer -- a dealer." Transcript at 20-22.

{¶ 10} After the trial court denied his motion to suppress, Williams pled no contest to Aggravated Possession of Drugs. The trial court then found Williams guilty and sentenced him accordingly.

{¶ 11} Williams appeals and asserts the following assignment of error: "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS THE STOP OF HIS MOTOR VEHICLE."

II.

{¶ 12} In his sole assignment of error, Williams contends that the trial court erred by overruling his motion to suppress. For the following reasons, we agree.

{¶ 13} As the Supreme Court of Ohio has held, "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. * * * Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. * * * Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶8 (citations omitted). See, also, *State v. D'Allesandris*, Greene App. No. 23889, 2011-Ohio-1126, at ¶13.

{¶ 14} "The Fourth Amendment to the United States Constitution prohibits searches and seizures that are unreasonable. A police officer who stops a vehicle and detains its occupants 'seizes' the occupants within the meaning of the Fourth Amendment. *Delaware v. Prouse* (1979), 440 U.S. 648, 653[.] The seizure is reasonable under the Fourth Amendment if the officer has at least reasonable and articulable suspicion 'that criminal activity may be afoot,' in other words, that a crime is being committed. *Terry v. Ohio* (1968), 392 U.S. 1, 30[.] '[The] police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion [seizure].' Id. at 21. Also, '[w]hen determining whether an investigative traffic stop is supported by a reasonable and articulable suspicion of criminal activity, the stop must be viewed in light of the totality of the circumstances surrounding the stop.' *State v. Greathouse*, Cuyahoga App. No. 93187, 2010-Ohio-1209, at ¶9, citing *State v. Bobo* (1988), 37 Ohio St.3d 177[,] at paragraph one of the syllabus." *State v. Leveck*, Montgomery App. No. 23970, 2011-Ohio-1135, at ¶10.

{¶ 15} Officer Kennard based his stop on a suspected violation of R.C. 4503.30(A), the dealer-plate-display statute. Under R.C. 4503.30(A), "Any placards issued by the registrar of motor vehicles and bearing the distinctive number assigned to a manufacturer, dealer, or distributor pursuant to section 4503.27 of the Revised Code may be displayed on any motor vehicle, other than commercial cars, or on any motorized bicycle owned by the manufacturer, dealer, or distributor, or lawfully in the possession or control of the manufacturer, or the agent or employee of the manufacturer, the dealer, or the agent or employee of the dealer, the distributor, or the agent or employee of the distributor, and shall be

displayed on no other motor vehicle or motorized bicycle. A placard may be displayed on a motor vehicle, other than a commercial car, owned by a dealer when the vehicle is in transit from a dealer to a purchaser, when the vehicle is being demonstrated for sale or lease, or when the vehicle otherwise is being utilized by the dealer. A vehicle bearing a placard issued to a dealer under section 4503.27 of the Revised Code may be operated by the dealer, an agent or employee of the dealer, a prospective purchaser, or a third party operating the vehicle with the permission of the dealer."

{¶ 16} At the suppression hearing, Officer Kennard testified about his reasons for stopping Williams's vehicle.

{¶ 17} "Q. And why'd you stop the vehicle?

{¶ 18} "A. For the fact that it was a dealer tag on the vehicle and it was about 8:30 at night.

{¶ 19} "Q. Okay. And why was this suspicious to you?

{¶ 20} "A. It's suspicious to me because a dealer tag is to be used for a vehicle to be moved from one dealer lot to another dealer lot or for a test drive. Most dealers are not open at 8:30 at night, so the -- I thought that this plate was being used in the wrong fashion.

{¶ 21} "Q. Okay. And, in fact, you stated that Mr. Williams was the sole occupant of that vehicle?

{¶ 22} "A. Correct.

{¶ 23} "Q. And from your knowledge, just I guess as a person being at dealerships and stuff before, on a test drive is it typical to have more than one person in the vehicle?

{¶ 24} "A. Yes." Transcript at 7-8.

{¶ 25} Officer Kennard did not testify as to any other infractions or suspicious activity that motivated the stop of Williams's vehicle. Instead, Officer Kennard based the stop entirely on the suspected violation of R.C. 4503.30(A).

{¶ 26} Here, we find that the investigative traffic stop of Williams's vehicle was not supported by a reasonable and articulable suspicion of criminal activity. In initiating the traffic stop, we believe that Officer Kennard failed to consider an important aspect of R.C. 4503.30(A). That is, dealer plates "may be displayed on a motor vehicle * * * when the vehicle otherwise is being utilized by the dealer." R.C. 4503.30(A). This broad language greatly expands the permissible reasons for displaying dealer plates. Officer Kennard, however, focused solely on the following aspects of R.C. 4503.30(A): (1) when the vehicle is in transit from a dealer to a purchaser; and (2) when the vehicle is being demonstrated for sale or lease.

{¶ 27} Therefore, we find that Officer Kennard's stated reasons for initiating the traffic stop are insufficient under a totality of the circumstances. Under the broad language of R.C. 4503.30(A), a dealer may display dealer plates for any number of permissible reasons. As a result, we put little weight in the facts and inferences that supported the traffic stop. There might have been no dealerships in the immediate area. Most dealerships might have been closed at that time. And it might have appeared as though Williams was not on a test drive. But these facts, standing alone, do not create a reasonable articulable suspicion of criminal activity. For a dealer, it is perfectly legal to display dealer plates while driving at night, by yourself, in an area away from dealerships. This is also true for a vehicle driven by (1) a dealer's employee, (2) a dealer's agent, or (3) a third party who has the dealer's permission.

See R.C. 4503.30(A). Therefore, to justify the traffic stop, Officer Kennard had to reasonably suspect that Williams was not a dealer, an employee, an agent, or an authorized third party. Significantly, however, Officer Kennard never testified that he suspected Williams of being anything other than a dealer, an employee, an agent, or an authorized third party. Therefore, based on Officer Kennard's own testimony, there was not a reasonable and articulable suspicion that Williams's vehicle was in violation of R.C. 4503.30(A).

{¶ 28} Finally, we must take issue with a portion of the trial court's findings of fact and conclusions of law. The trial court stated that "there's no evidence of any other purpose that the vehicle was driven by the dealer -- a dealer." Transcript at 22. In our view, this finding improperly placed the evidentiary burden on Williams. Here, Officer Kennard had to have a reasonable articulable suspicion of criminal activity *before* initiating the traffic stop. Therefore, as we discussed above, Officer Kennard needed some evidence -- i.e., facts and inferences -- that Williams was *not* a dealer, an employee, an agent, or an authorized third party. To prevail on his motion to suppress, Williams did not have to present evidence that he was, in fact, an authorized driver of the motor vehicle.

{¶ 29} In conclusion, we find that the traffic stop was legally unreasonable and poisoned the subsequent search of Williams's vehicle. Accordingly, we sustain Williams's assignment of error, reverse the trial court's judgment, and remand this cause to the trial court for further proceedings.

JUDGMENT REVERSED

AND CAUSE REMANDED.

. . . . . . . . . . . . .

GRADY, P.J., and FAIN, J., concur.

(Hon. Roger L. Kline, Fourth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Mathias H. Heck
Timothy J. Cole
Bryan K. Penick
Hon. Mary K. Huffman